FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR -3  AM 11: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRYLL DENOMES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 01-3201** |
| **BURL CAIN, WARDEN** | * | **SECTION: "D"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is hereby **RECOMMENDED** that the instant habeas corpus application be **DENIED** as untimely.

### Procedural History

On May 3, 1995, petitioner, Darryll Denomes,[1] a prisoner presently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, was found guilty of one count of attempted

---

[1] Petitioner is sometimes referred to as Darrell Denomes in the state record.

DATE OF MAILING  APR 3 - 2002

DATE OF ENTRY
APR 3  2002

second degree murder and one count of attempted armed robbery.[2] He was sentenced on August 2, 1995 to a term of 45 years on each count, without benefit of parole, probation or suspension of sentence.[3] Denomes was subsequently billed as a multiple offender and received a term of 60 years on the attempted murder count, as a third felony offender, to run concurrently with the term of 45 years on the attempted armed robbery count. Denomes was already under a conviction and sentence of 25 years which he received in another case out of the 22nd Judicial District Court, Case No. 214,317 for the crime of aggravated arson. His sentences in Case No. 231,346 were ordered to run consecutive to his prior sentence in Case No. 214,317.[4] Denomes appealed his convictions and sentences to the Louisiana Court of Appeal, First Circuit, in docket no. 96-KA-0552. His convictions and sentences were affirmed on December 20, 1996.[5] Denomes did not seek a writ of certiorari relative to his conviction for attempted armed robbery and attempted second degree murder to the Louisiana Supreme Court.[6] His conviction therefore became final on or about January 19, 1997.

---

[2] *State v. Denomes*, Case No. 231,346, Division F, 22nd Judicial District Court for the Parish of St. Tammany, Louisiana. The charge was initiated by a bill of information filed by the District Attorney of St. Tammany Parish. Denomes was charged along with a co-defendant, Derrick Bates. Bates subsequently elected to plead guilty whereas Denomes proceeded to trial.

[3] *See* State Rec. Vol. 1 of 3 at p. 15.

[4] *See* State Rec. Vol. 1 of 3 at p. 17.

[5] *See State v. Denomes*, 686 So.2d 179 (La. App. 1st Cir. 1996)( 96 KA 0552)(TABLE).

[6] The Magistrate Judge's staff contacted the Clerk, Louisiana Supreme Court, where it was confirmed that petitioner filed only one writ application to that court relative to his conviction in Case No. 231,346. That writ application, docket no. 2000-KH-1857, was filed seeking review of the lower courts' denial of post-conviction relief. Thus, although Denomes had thirty (30) days pursuant to Louisiana Supreme Court Rule X, Section 5, to apply for review to the Louisiana Supreme Court after the state appellate court affirmed his conviction, he apparently failed to do so.

On April 27, 1999, Denomes filed his first state application for post-conviction relief,[7] which was denied by the trial court on June 18, 1999.[8] A September 30, 1999 motion for reconsideration was subsequently denied by the trial court on October 12, 1999.[9] The record indicates that petitioner filed additional post-conviction pleadings with the state courts subsequent to the trial court's October 12, 1999 denial, none of which are relevant to this court's analysis.

Petitioner filed the instant action for federal *habeas* relief on September 8, 2001, in the U.S. District Court for the Middle District of Louisiana and it was transferred to this court on October 2, 2001.[10] In his petition, Denomes challenges, citing *Campbell v. Louisiana*, 523 U.S 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998), the way in which the state criminal charges were instituted against him. He also claims that his attorney was ineffective for failing to challenge the filing of the bill of information. Additionally, in his traverse to the State's response, Denomes asserts that he was

---

[7] *See* State Rec. Vol. 3 of 3 at. p. 84 for copy of post-conviction application (PCR).

[8] *See* State Rec. Vol. 3 of 3 at p. 80.

[9] *See* State Rec. Vol. 3 of 3 at p. 40.

[10] *See* Federal Rec Doc. No. 1. This September 8, 2001, filing date was ascertained via the Court's use of the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his *habeas corpus* application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

subjected to double jeopardy and that the statute of limitations for filing charges against him had expired.[11]

The State filed its response, contending that petitioner's application was exhausted and should be denied on the merits.[12] The court's review of the record, however, reveals that petitioner's federal *habeas* application should be denied as untimely for the following reasons.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[13] *See* 28 U.S.C. § 2244(d)(1) (West 2001), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Denomes' time for seeking direct review of his convictions and sentences expired on or about January 19, 1997, when he failed to file an application for writ of certiorari with the Louisiana Supreme Court. Thus, Denomes had a year from January 19, 1997, or until January 19, 1998, to timely seek federal *habeas corpus* relief.

---

[11]*See* Traverse, Rec. Doc. No. 5. The court notes, for clarification purposes, that Denomes appears to be only challenging his convictions under Case No. 231,346 relative to attempted second degree murder and attempted armed robbery. On the face of his AO241 form, however, Denomes also includes, under item number 4, "Nature of offense involved", his conviction for 1 count of (aggravated) arson. Review of the state record, however, indicates that the claims which Denomes raises before this court were only addressed by the state courts relative to his convictions for attempted second degree murder and attempted armed robbery. His conviction for aggravated arson is only implicated insofar as his sentences in Case No. 231,346 were to run consecutive to his 25 year sentence received for aggravated arson.

[12]*See* Rec. Doc. No. 4.

[13]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

4

As stated earlier,[14] giving Denomes the benefit of the federal mailbox rule, he did not file the instant action until September 8, 2001. Thus, Denomes' federal *habeas corpus* application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, Denomes' first state post-conviction application was not filed in the state courts until April 27, 1999, well over a year after the January 19, 1998 deadline. Accordingly, Denomes' federal limitations period had already expired before a "properly filed" state post-conviction pleading was even filed and he is barred from federal habeas review unless another basis for tolling the limitations period can be established.

The one-year limitations provision "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled". *Davis v. Johnson*, 158 F.3d 806, 810-811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters

---

[14]See footnote 10 herein.

outside his or her control, was nevertheless diligent in his or her pursuit of §2254 relief. *Coleman*, 184 F.3d at 403.

In this case, review of the record indicates that Denomes would not be a candidate for equitable tolling. There is nothing in the record to indicate that Denomes was prevented from asserting his right to federal habeas review nor does it appear that Denomes' failure to file his first state post-conviction proceeding sooner can be excused.[15] Accordingly, it is hereby RECOMMENDED that the instant *habeas corpus* petition be denied as untimely.[16]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of April, 2002.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[15] To the extent that petitioner may argue that he is entitled to an extension of the limitations period based upon *the decision in Campbell v. Louisiana*, 523 U.S 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998), the argument should be rejected. *Campbell*, involving a challenge to the selection of the grand jury and grand jury foreperson, is simply inapplicable as Denomes was charged via a bill of information.

[16] Although the State failed to assert that Denomes' application was time-barred from federal review, the court may raise the issue of timeliness *sua sponte. Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).